IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATALYA PEARCY | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:14cv365-HSO-RHW |
| | § | |
| RANDY DURHAM and BEAU | § | DEFENDANTS |
| RIVAGE RESORTS, INC. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is Plaintiff Natalya Pearcy's Motion to Remand and Request for Just Costs and Actual Expenses in the Sum of $9,000.00 [9]. Defendants Randy Durham and Beau Rivage Resorts, Inc., have filed a Response [9]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Plaintiff Natalya Pearcy's Motion [9] should be granted in part such that this case should be remanded to state court, and denied in part to the extent that Plaintiff Natalya Pearcy seeks an award of attorneys' fees and expenses.

### I. BACKGROUND

On August 15, 2014, Plaintiff Natalya Pearcy ("Plaintiff") filed the Complaint [1-2] in the Circuit Court of Harrison County, Mississippi, Second Judicial District. On September 19, 2014, Defendants Randy Durham and Beau Rivage Resorts, Inc. ("Defendants"), removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal 1 [1]. Defendants claimed that the Complaint asserts a claim for sexual harassment governed by Title

1

VII, 42 U.S.C. §§ 2000e-1 to -2000e-17. *Id*. at 2. On October 17, 2014, Plaintiff filed her Motion to Remand [9] contending that the Complaint does not state a claim for sexual harassment against Defendants and that Plaintiff could not have asserted such a claim in this case because Plaintiff admittedly failed to timely file a charge of sexual harassment with the Equal Employment Opportunity Commission ("EEOC"). Mem. in Supp. of Mot. to Remand 7-9 [11]. Plaintiff seeks an award of attorneys' fees incurred as a result of removal because, according to Plaintiff, she "did not allege on the face of the [C]omplaint any . . . federal claims . . . ." Mot. to Remand 10; Rebuttal 5 [21]. Defendants concede that this action should be remanded but argue that Plaintiff's request for attorneys' fees and expenses should be denied because, at the time of removal, Plaintiff's allegations created "an objectively reasonable basis" for removal on the basis of federal question jurisdiction. Resp. to Pl.'s Mot. to Remand 3-4 [14].

## II. DISCUSSION

The record reveals that the parties agree that this case does not involve a federal question and that the case should be remanded to state court. The parties dispute whether Plaintiff is entitled to an award of attorneys' fees and expenses incurred in seeking remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  In making this determination, the Court "do[es] not consider the motive of the removing defendant." *Valdes,* 199 F.3d at 292-93.  Instead, the Court must evaluate the objective merits of removal at the time of removal, irrespective of the ultimate remand.  *See id.*

While remand is proper here, the Court cannot say that Defendants lacked an objectively reasonable basis for removing the case.  Defendants' interpretation of the nature of the claims asserted by Plaintiff concerning actions allegedly directed toward her by her supervisor based on Plaintiff's sex was not so obviously implausible as to justify an award of fees and expenses.  The Court therefore declines to award fees and expenses to Plaintiff.

Plaintiff has disavowed any claim for sexual harassment under Title VII and Defendant has conceded that remand is appropriate.  Plaintiff's Motion to Remand will be granted, but Plaintiff's request for attorneys' fees and expenses will be denied.  *Cf. Gonzalez v. Whelan Sec. Co.*, 507 F. Supp. 2d 687, 692 (W.D. Tex. 2006) (remanding case and reasoning that plaintiff was not entitled to award of fees and costs where defendant's removal on grounds of federal question jurisdiction was objectively reasonable because plaintiff's complaint asserted a claim for wages which could have been cognizable under the Fair Labor Standards Act, 29 U.S.C. §§ 201 to -219).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Remand [9] is **GRANTED IN PART** such that this case will be remanded to the Circuit Court of Harrison County, Mississippi, Second Judicial District.  Plaintiff's Motion to Remand is **DENIED IN PART** such that Plaintiff will not be awarded and attorneys' fees and expenses.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 7th day of November, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE